**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION | Master Docket No. 1:25-cv-00407<br><br>Hon. Jeremy C. Daniel |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants The Allstate Corporation ("AllCorp"), Allstate Insurance Company ("AIC"), Allstate Vehicle and Property Insurance Company ("AVPIC"), Arity, LLC ("Arity"), Arity 875, LLC ("Arity 875"), and Arity Services, LLC ("Arity Services") (collectively "Defendants"), by and through their attorneys, Sidley Austin LLP, and pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), hereby move this Court for an Order dismissing with prejudice Plaintiffs' Consolidated Class Action Complaint, Dkt. No. 46 (the "Complaint"), against Defendants in its entirety. Defendants simultaneously submit a Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint, which is expressly incorporated herein. In support of this Motion to Dismiss, Defendants state the following:

1.      Plaintiffs fail to plausibly allege any of their claims pursuant to Federal Rule of Civil Procedure 8. Plaintiffs also fail to satisfy the heightened pleading standard under Rule 9(b), which applies to all claims premised on fraud, deceit, or misrepresentation—here, the entirety of the Complaint.

2.      Plaintiffs fail to plausibly allege that they did not consent to Defendants' alleged collection of Plaintiffs' driving behavior and personal identifying information via software development kits ("SDKs") installed on mobile apps on Plaintiffs' cell phones, or the third-party sharing of such data. Plaintiffs' own allegations admit that they reviewed the prominent information about each at-issue mobile application, and their repeated allegations of what these terms of service, terms of use, or privacy policies do *not* contain render these documents incorporated by reference. Even a cursory review of these documents demonstrates clear and conspicuous disclosure of data collection and sharing.

3.       Plaintiffs' claims based on alleged harm from excessive insurance costs must be dismissed because they are made "on information and belief." Yet, Plaintiffs plead no factual allegations that their insurance premiums increased as a result of the alleged data collection by Defendants. Further, the filed-rate doctrine precludes Plaintiffs from asserting claims where the underlying harm is the overpayment of insurance premiums.

4.      Plaintiffs' state law claims premised on allegations that Defendants collected and sold Plaintiffs' telematics and personal identifying information without notice or consent must be dismissed because they are preempted by the Fair Credit Reporting Act ("FCRA"). Plaintiffs attempt to read into their state common law and consumer protection claims a requirement that Defendants obtain Plaintiffs' consent prior to reporting Plaintiffs' driving behavior data, which conflicts with the purpose and text of the FCRA.

5.       Plaintiffs fail to plausibly plead one or more elements of their claims pursuant to federal and state wiretap and pen register statutes, federal and state computer hacking statutes, state consumer protection laws, the FCRA, and state common law privacy, unjust enrichment, and breach of contract.

6.      Finally, Count 17 (Georgia Recovery of Expenses of Litigation) must fail because there is no underlying substantive claim on which to award expenses of litigation, and Count 27 (New York SHIELD Act) must be dismissed because there is no private right of action under the Act.

WHEREFORE, Defendants respectfully request an Order Dismissing Plaintiffs' Complaint Against Defendants with Prejudice.


Dated: July 10, 2025                        Respectfully submitted,

                                            */s/ David A. Gordon*
                                            David A. Gordon
                                            H. Javier Kordi
                                            Liamarie M. Quinde
                                            SIDLEY AUSTIN LLP
                                            One South Dearborn
                                            Chicago, IL 60603
                                            Telephone: (312) 853-7000
                                            Facsimile: (312) 853-7036
                                            dgordon@sidley.com

                                            Ian M. Ross
                                            SIDLEY AUSTIN LLP
                                            1001 Brickell Bay Drive, Ste. 900
                                            Miami, FL 33131
                                            Telephone: (305) 391-5100
                                            Facsimile: (305) 391-5101

                                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 10, 2025, the foregoing *Defendants'*

*Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* was filed electronically using

the ECF system, which will send notification of such filing to all counsel of record at their e-mail

addresses on file with the Court.

*/s/ David A. Gordon*

David A. Gordon
One of the Attorneys for Defendants
