**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION | Master Docket No. 1:25-cv-00407<br><br>Hon. Jeremy C. Daniel |

**DEFENDANTS' MOTION FOR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

In support of their Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, Defendants The Allstate Corporation ("AllCorp"), Allstate Insurance Company ("AIC"), Allstate Vehicle and Property Insurance Company ("AVPIC"), Arity, LLC ("Arity"), Arity 875, LLC ("Arity 875"), and Arity Services, LLC ("Arity Services") (collectively "Defendants") hereby submit a Motion for Incorporation by Reference regarding (1) relevant Privacy Policies, Terms and Conditions and/or Terms of Use for the mobile applications ("Apps") referenced in the Complaint (collectively, "App Agreements"), and (2) mobile phone screenshots showing the user registration screens related to those Apps and typical permission screens presented to users by their smartphone's iOS or Android system ("User Flows").

Plaintiffs' Complaint references and describes the App Agreements and User Flows of multiple Apps. Plaintiffs have put those documents at issue by repeatedly referencing them and their content. This Court may consider these materials at the motion to dismiss stage without converting the motion to dismiss into a motion for summary judgment.

## I. ARGUMENT

The incorporation by reference doctrine provides that materials expressly referenced or relied upon in a plaintiff's complaint may be submitted by defendants on an Rule 12(b)(6) motion to dismiss without converting such motion into a Rule 56 motion for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690–91 (7th Cir. 2012). The doctrine prevents a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] that his claim has no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). *See*, *e.g.*, *In re TikTok, Inc. In-App Browser Priv. Litig*., No. 24-cv-2110, 2024 WL 4367849, at *8 (N.D. Ill. Oct. 1, 2024) (holding it was "fair game" for defendants to use incorporation by reference to submit full text of agreement where complaint "referred" to Privacy Policy "by making affirmative representations about what it does not contain") (emphasis omitted).

The various App Agreements governing the smartphone Apps at issue are properly subject to the incorporation by reference doctrine. First, Plaintiffs (save one) affirmatively allege that they "reviewed the prominent information about the nature and function of the app presented to [them] prior to downloading [their respective] app."[1] This does far more than merely "refer" to the App Agreements—Plaintiffs affirmatively declare that they *reviewed* such "prominent information" about the Apps. Further, these documents, and the agreements and consent they include, are "central" to several of the claims alleged in the Complaint. A lack of consent forms the factual basis of nearly every claim. *See* Exhibit B to Defendants' Memorandum ISO Motion to Dismiss (Summary of How Consent Arguments Apply Across Counts). *Williamson v. Curran*, 714 F.3d

[1] Compl. [Dkt. No. 46] ¶¶ 18 (Anderson), 27 (Arellano), 36 (Azar), 45 (Bare), 54 (Baumgartner), 64 (Carroll), 82 (Duffield), 91 (Eppley), 100 (Flowers), 109 (Freel), 118 (Gable), 127 (Hartline), 136 (Hernandez), 145 (Jackson), 155 (Kelley), 164 (Kilgo), 173 (Mahoney), 182 (Malvar), 191 (McNeill), 201 (Monilaw), 210 (Quam), 219 (Rastrelli), 228 (Rehfuss), 237 (Rochester), 246 (Sanginito), 255 (Schultz), 265 (Seay), 275 (Singh), 285 (Slater), 295 (K. Smith), 305 (R. Smith), 314 (Streifel), 323 (Summersill), 332 (Tucker), 341 (Tupper), 351 (Williams), 360 (Winkelvoss), 369 (Wright).

432, 436 (7th Cir. 2013) (noting incorporation by reference applies to documents that are "central to the complaint and are referred to in it"). Plaintiffs also have put the App Agreements at issue by presenting allegations about what they were *not* told, or what those documents *did not* contain. *See*, *e.g*., Compl. ¶¶ 449 ("Defendants did not disclose their unlawful practices"); 540 ("Defendants either did not disclose at all, or failed to make an effective disclosure"); 766 and 782 ("Defendants did not disclose material terms or obtain actual, written consent for them."). Plaintiffs cannot evade dismissal by alleging the absence of certain information, while withholding from this Court the relevant documents they cite, which actually include the information or disclosure that they allege was omitted. *See*, *e.g.*, *In re VTech Data Breach Litig*., No. 15-cv-10889, 2017 WL 2880102, at *2 (N.D. Ill. July 5, 2017) (incorporating defendant's privacy policy by reference where complaint repeatedly referred to its terms).

The account registration process for each App and the separate permission requests from users' smartphones (together, "User Flows") are likewise subject to incorporation by reference. Throughout the Complaint, Plaintiffs repeatedly allege they "did not consent" to the collection and use of their personal data. *See*, *e.g*., Compl. ¶¶ 15, 16, 560, 611, 631, 644, 683, 751. Each Plaintiff, however, also alleges they downloaded (and therefore installed) the Apps at issue.[2] Thus, if the various User Flows encountered through downloading, installing, registering for, and using the services were not subject to incorporation by reference, Plaintiffs' conclusory allegations of consent would evade proper consideration when contradicted by the very flows they reference.

Several courts in recent months considering similar lawsuits challenging the consent disclosures on websites or mobile applications have properly considered such disclosures at the dismissal stage. *See Lakes v. Ubisoft, Inc*., --- F. Supp. 3d ---, 2025 WL 1036639, at *3 (N.D. Cal.

[2] Compl. ¶¶ 18, 27, 36, 45, 54, 64, 73, 82, 91, 100, 109, 118, 127, 136, 145, 155, 164, 173, 182, 191, 201, 210, 219, 228, 237, 246, 255, 265, 275, 285, 295, 305, 314, 323, 332, 341, 351, 360, 369.

Apr. 2, 2025) (considering, on 12(b)(6), Privacy Policy, Cookies Settings, Website Cookies Banner "and related screens, as well as screens showing the account creation and purchase process"), *appeal docketed*, No. 25-2857 (9th Cir. May 2, 2025); *Washington v. Flixbus, Inc.*, No. 3:25-cv-00212, 2025 WL 1592961, at *4–5 (S.D. Cal. June 5, 2025) (considering, on 12(b)(6), Terms and Conditions, Privacy Policies, and website screenshots showing user checkout process). So, too, should this Court.

**II. APP AGREEMENT EXHIBITS**

Attached to this Motion are the following Exhibits, which constitute example App Agreements for Fuel Rewards, Routely, Life360, and GasBuddy, in-effect during various time periods in which Plaintiffs allegedly downloaded and used such Apps, according to the allegations in the Complaint.

- **Exhibit A: Fuel Rewards**
  - Privacy Policy, as of 11/27/24
- **Exhibit B: Routely**
  - Terms of Use & Privacy Policy, as of 11/29/18, 12/27/19, 03/26/21, 05/25/22, 06/09/23, 06/24/24, and 11/01/24
- **Exhibit C: Life360**
  - Privacy Policy, as of 11/18/20, 12/16/20, 03/31/21, 10/28/22, 11/04/22, 04/05/23, 11/01/23, 03/05/24, and 02/10/25
  - Terms of Use, as of 08/07/18, 05/20/20, 04/16/21, 11/02/21, 11/19/22
- **Exhibit D: GasBuddy**
  - Privacy Policy, as of 10/3/18, 05/01/20, 05/07/21, 07/13/22, 01/30/23, and 06/26/24

## III. USER FLOW EXHIBITS

Further attached to this Motion are the following Exhibits, which constitute (1) screen shots of the account registration and sign-up screens that users would have encountered while signing up for Fuel Rewards, GasBuddy, Life360, Routely, SiriusXM, and DriveSense, which contain hyperlinks to the App Agreements detailed above; and (2) screen shots of the typical permission prompts that users' smartphones would have presented to them, independent of the Apps.

- **Exhibit E: Fuel Rewards**
  - Account registration screen
- **Exhibit F: GasBuddy**
  - Account registration screen
- **Exhibit G: Life360**
  - Account registration screen
- **Exhibit H: Routely**
  - Account registration screen
- **Exhibit I: SiriusXM**
  - Account registration screen
- **Exhibit J: DriveSense**
  - Account registration screen
- **Exhibit K: Routely (iOS)**
  - Smartphone permission screen
- **Exhibit L: DriveSense (Android)**
  - Smartphone permission screen

Dated: July 10, 2025

Respectfully submitted,

*/s/ David A. Gordon*
David A. Gordon
H. Javier Kordi
Liamarie M. Quinde
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgordon@sidley.com

Ian M. Ross
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Ste. 900
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 10, 2025, the foregoing *Defendants' Motion for Incorporation by Reference ISO Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* and *Exhibits A* through *L* were filed electronically using the ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

*/s/ David A. Gordon*

David A. Gordon
One of the Attorneys for Defendants