UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION** | Master Docket No. 1:25-cv-00407<br><br>Hon. Jeremy C. Daniel |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

## I. INTRODUCTION

Plaintiffs oppose Defendants the Allstate Corporation, Allstate Insurance Company, Allstate Vehicle and Property Insurance Company, Arity, LLC, Arity 875, LLC, and Arity Services, LLC (together, "Defendants") Motion for Incorporation by Reference (ECF 62 or "MIR"). Defendants' motion fails for two reasons: First, the app-based policies and screen shots ("App Agreements" and "App User Flows") it seeks to incorporate by reference are not "central to the complaint and . . . referred to in it." The App Agreements are not even referenced in the complaint. Regardless, neither set of proffered documents is "central" to the complaint. Defendants confuse the concept of documents that are "central" to their anticipated affirmative defense with documents that are "central" to the complaint as sufficiently pled.

Second, the authenticity and factual accuracy of the proffered documents is in dispute due to the nature of website and app content and appearance. Numerous courts in similar cases have refused to take the bait of selectively considering a defendant's proposed supplementary evidence

at the pleading stage given inherent uncertainties and disputed facts regarding which polices and screen shots are relevant.

## II. LEGAL STANDARD

The incorporation by reference doctrine is a narrow exception to the general rule that challenges to pleadings must consider only the facts alleged in the complaint. *E.g.*, *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 804 (N.D. Ill. 2022), *adhered to on denial of reconsideration*, No. 20-cv-0692, 2022 WL 22887658 (N.D. Ill. Aug. 15, 2022). The exception is "'not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" *Id* (internal citation omitted). To be eligible for incorporation by reference, "the documents themselves—not just their general category or theme—must be central to the complaint and referred to in it." *Id.* at 805. In addition, documents subject to "judicial notice" may be considered in connection with a motion to dismiss only when the facts within them "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Hartman v. Meta Platforms, Inc.*, No. 23-cv-2995-NJR, 2024 WL 4213302, at *7 (S.D. Ill. Sept. 17, 2024) (citing *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) (judicially noticed facts must be "not subject to reasonable dispute.").)

## III. ARGUMENT

Defendants' motion seeks to incorporate two different types of documents: (1) privacy policies and terms of use for various apps that used the Arity SDK ("App Agreements"), and (2) screen shots showing "the account registration process for each App and the separate permission requests from users' smartphones" ("App User Flows"). MIR at 2-3. Neither category of documents meets the requirements for incorporation by reference.

### A. The Exhibits to Defendants' Motion Are Not Central to Plaintiffs' Claims, and App Agreements Are Not Even Referenced

As a threshold matter, the App Agreements Defendants argue should be incorporated by reference are not referenced in the Corrected Consolidated Amended Complaint (ECF 46 or "CAC"), and therefore cannot be incorporated by reference. The CAC refers to privacy policies and terms of use in paragraphs 451-454, which discuss *Defendants*' privacy policies and disclosures. CAC ¶¶ 451-454 (discussing information available by "navigating to Defendants' website and locating their privacy disclosures" and "Arity's Privacy Policy"). Defendants' MIR, however, does not seek to incorporate by reference Defendants' policies. Rather, they seek to incorporate privacy policies and terms of use of apps that incorporated Defendants' technology (MIR at 4 (Exhibits A thru D). The CAC does not reference those policies.

It is true that the CAC briefly mentions privacy-related information on screens presented to users during the apps' signup processes (CAC ¶¶ 445-450), and provides two screen shot examples of that information. Those are not App Agreements, however—they are examples of the second type of documents Defendants seek to incorporate by reference: App User Flows. MIR at 5 (Exhibits E-L). Defendants' MIR tacitly acknowledges that App Agreements and User Flows are conceptually different, and separates its arguments related to the two. Defendants do not have "license to supplement the pleadings at their discretion" by adding App Agreements not referenced in the CAC because "[t]o be incorporated by reference, the documents themselves—not just their general category or theme—must be central to the complaint and referred to in it." *Patterson*, 593 F. Supp. 3d at 805 (denying incorporation by reference of "Privacy Center Overview" and "Additional Privacy Information" website pages where complaint alleging privacy claims referenced Privacy Policy and Terms of Use but not the additional privacy pages Defendant sought to add).

Even if all of the materials in the MIR were referenced in the CAC, none of them are "central to the complaint." Defendants fundamentally conflate the concepts of "central to the complaint" and "central to their defense," particularly regarding the App User Flows. Consent here is a defense Defendants want to raise to defeat Plaintiffs' claims. *TikTok, Inc. In-App Browser Priv. Litig.*, No. 24-cv-2110, 2024 WL 4367849, at *8 (N.D. Ill. Oct. 1, 2024) (consent is affirmative defense); *Rodriguez v. ByteDance, Inc.*, No. 23-cv-4953, 2025 WL 672951, at *3 (N.D. Ill. Mar. 3, 2025) ("whether plaintiffs waived their rights to bring suit based on their alleged consent to [a] Privacy Policy is an affirmative defense that cannot be resolved via this Rule 12(b)(6) motion.").

App Agreements and App User Flows are not central to the CAC, which contains 1016 paragraphs over 237 pages. The CAC's discussion of App User Flows is focused in 10 paragraphs with two "example" screen shots under the heading "Defendants' Failure to Disclose the Collection, Sharing, and Use of Plaintiffs' Driving Data." *Id.* ¶¶ 444-54. Those two screen shots provide examples of egregiously misleading statements offered by two apps about why they wanted to collect users' location information. *Id.* ¶¶ 447-48 (*i.e.*, to "Allow Fuel Rewards to use your location to help find the best gas prices near you and to send you personalized offers and location based alerts" and to "to enable data use for the in-app map, Place Alerts, and location sharing with [a user's] Circle.").

The CAC does not discuss the contents of specific App Agreements at all, nor does it purport to comprehensively analyze and catalog App User Flows because Plaintiffs do not have to in order to state their claims. *Patterson*, 593 F. Supp. 3d. at 805 ("In setting out their claims, Plaintiffs relied on, referred to, and introduced some documents but not others, just as they, the authors of the complaint, were entitled to do."); *see also Karling v. Samsara Inc.*, 610 F. Supp. 3d

1094, 1102 (N.D. Ill. 2022) ("[T]he Court finds it a stretch to argue that this website language is 'central' to Karling's complaint when the complaint only cites the website as the source of introductory background material that does not mention the policy allegations."). Defendants' desire to provide such a catalog to support its defense is not a valid basis for incorporating documents by reference. *Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 661 (N.D. Ill. 2024) ("Incorporation-by-reference is not a procedural tool for a defendant to introduce extrinsic evidence related to its defense in a case.").

Defendants' contrary arguments have no merit. Specifically, Defendants' arguments about the App Agreements misstate the CAC's allegations. Defendants contend that the allegations that Plaintiffs "reviewed the prominent information about the nature and function of the app presented to [them] prior to downloading [their respective] app" mean that Plaintiffs each read and relied on the App Agreements. MIR at 2. Those two statements are not, however, the same. Plaintiffs do not allege that they all read the App Agreements. Defendants apparently believe that the App Agreements are "prominent information" presented to Plaintiffs and users, but this conclusion raises a host of factual questions and disputes unsuitable for resolution on the pleadings, which would require the Court to inappropriately draw inferences in Defendants' favor. *E.g.*, *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1003 (N.D. Cal. 2024) ("[W]hether plaintiffs consented to having their data collected is a question of fact . . . [that] the Court cannot determine at the 12(b)(6) stage."); *Rodriguez*, 2025 WL 672951, at *3.

Defendants also contend that Plaintiffs "put the App Agreements at issue by presenting allegations about what they were *not* told, or what those documents did *not* contain." MIR at 3. This argument fails on the law and the facts. The standard is not whether something is "put at issue," but whether it is "central to the complaint and . . . referred to in it." *Patterson*, 593 F. Supp.

3d at 805 ("The court disagrees that these citations amount to incorporation by reference. Although the [Plaintiff's] complaint does briefly refer to the Student Terms, it does so mainly to support an allegation that [the Defendant] recently removed uses of the word "biometric" on its website. That issue is far from "central" to Plaintiff's complaint."). Moreover, the allegations Defendants' quote where Plaintiffs supposedly "put at issue" the App Agreements are all allegations about *Defendants'* policies and conduct – not the App Agreements Defendants seek to incorporate by reference. MIR at 3.

Tellingly, the two "recent" cases Defendants urge the court to rely on supposedly involving incorporation by reference of similar documents were both cases where the defendants' requests were *unopposed*. *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) ("Plaintiffs do not provide an opposition to these requests"); *Washington v. Flixbus, Inc.*, No. 25-cv-00212-H-MSB, 2025 WL 1592961, at *3 (S.D. Cal. June 5, 2025) ("Plaintiff does not dispute the accuracy of the documents Defendant provided, nor does he argue the Court should not consider them."). Those cases have zero relevance here, where Plaintiffs have explained in detail why incorporation by reference is inappropriate legally and factually.

### B. Critical Facts Surrounding Defendants' Exhibits Are Subject to Reasonable Dispute and They Are Therefore Inappropriate for Incorporation by Reference

Even if the materials Defendants seek to incorporate by reference were central to and referred to in the complaint, they cannot be incorporated by reference because a host of disputed facts prevent the Court from concluding these materials represent the correct universe of policies and user flows to incorporate. As a result, the materials are "subject to reasonable dispute" and cannot be judicially noticed or incorporated by reference.

The content and format of privacy policies, websites, and apps change so frequently that a detailed factual record is necessary to even conclude that the Court is considering the correct

versions of those materials, let alone all of the facts and materials relevant to the issue of consent. As one court explained:

> [I]t goes without saying that corporate websites can change over time, often in ways not made clear on the face of the pages themselves. Because Plaintiffs' [biometric privacy] claims cover several years, this case may involve factual questions about what [the defendant's] policies looked like at different moments in time. There is no basis for preempting that fact-intensive inquiry by concluding, as a matter of law, that these specific versions of [the defendant's] webpages govern Plaintiffs' claims.

*Patterson*, 593 F. Supp. 3d at 805. As a result, explained the *Patterson* court, "it is particularly crucial to apply the incorporation-by-reference doctrine cautiously when dealing with webpages" because "the content itself has quite possibly been subject to change during the years relevant to Plaintiffs' claims." *Id.* The court was therefore "unwilling to wade into these potential evidentiary disputes at this stage." *Id.* at 806-07; *accord Hartman v. Meta Platforms, Inc.*, No. 23-cv-2995-NJR, 2024 WL 4213302, at *7 (S.D. Ill. Sept. 17, 2024) (These recent versions of Facebook and Messenger Kinds' terms and conditions may have been modified over the years, thus triggering questions of whether a valid agreement was ever reached on *these* terms.).

Notably, in another recent Internet privacy case the defendant tried but failed to clear this hurdle by arguing that it had compiled all of the potentially relevant versions of the Privacy Policy covering the time period at issue. The court rejected that argument, reasoning that "Defendants' submissions are too limited to allow a definitive ruling on the merits of that defense." *In re TikTok, Inc. In-App Browser Priv. Litig.*, 2024 WL 4367849, at *9. The court explained that "even if Defendants' Internet Archive screenshots do provide a continuous and accurate record of TikTok's operative Privacy Policy from June 2021 to March 2024, that record is insufficient to establish that all of the named Plaintiffs consented to its terms" because that issue turned on many additional factual nuances, including when each Plaintiff started using the app and when particular technology relevant to the claims was incorporated into the app. *Id.* at *9. The Court additionally

noted it was unclear if screen shots submitted had changed over time, and there were factual questions about whether every user necessarily had to see those screens before using the app. *Id.*

All of the same uncertainties the *TikTok* court flagged apply with equal force here. The Court would have to wade into factually sensitive issues on an incomplete record including for example: the timing of Plaintiffs' app use, incorporation the Airty SDK, and any purported agreement to terms; uncertainty about dates and changes to App User Flow screen shots; uncertainty about the overall user flow experience and whether the proffered screens are necessarily presented to all users; and variations in user flow appearances across different device access methods.

Here, Defendants' incorporation by reference arguments fail at the outset because they do not even attempt to argue that the materials they are submitting constitute the full universe of App Agreements and App User Flows implicated by the CAC. Rather, Defendants describe them as "*example* App Agreements . . . in-effect during various time periods in which Plaintiffs allegedly downloaded and used such Apps," "screen shots of the account registration and sign-up screens that users *would have* encountered," and "*typical* permission prompts that users' smartphones would have presented to them." MIR at 4-5 (emphases added).

As a threshold matter, for the Court to consider any of these supplemental materials, the Defendants would have had to properly authenticate them via sworn evidence. *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (affirming district court's decision not to incorporate materials from an internet archive absent authentication); *United States v. Bansal*, 663 F.3d 634, 667–68 (3d Cir.2011) (admitting screenshots from internet archive authenticated via testimony of

witness with personal knowledge of how internet archive works). Unsworn representations in briefs do not establish authenticity of documents.[1]

Regardless, Defendants make no attempt (sworn or otherwise) to represent that the proffered "example" and "typical" materials are comprehensive. This case is therefore just like *Patterson* and *TikTok*. *Patterson*'s reasoning that uncertainty in content changes should preclude consideration controls here. 593 F. Supp. 3d at 805. In addition, App Agreements and App User Flows are at best one piece of Defendants' consent defense and uncertainty regarding whether they are comprehensive and how they fit into the larger picture preclude the court from selectively considering only those materials Defendants have chosen to proffer. *TikTok*, 2024 WL 4367849, at *9.

Dated: August 25, 2025

Respectfully submitted,

*/s/ Robert A. Clifford*
Robert A. Clifford
*rac@cliffordlaw.com*
**CLIFFORD LAW OFFICES, P.C.**
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
Tel.: (312) 899-9090

*Liaison Counsel*

*/s/ Gary M. Klinger*
Gary M. Klinger
*gklinger@milberg.com*
**MILBERG COLEMAN**
**BRYSONPHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel.: (866) 252-0878

*/s/ John A. Yanchunis*
John A. Yanchunis
*jyanchunis@forthepeople.com*
**MORGAN &MORGAN**
**COMPLEXLITIGATION GROUP**
201 N. Franklin Street, 7th Floor

[1] The technical deficiencies in Defendants' proffered exhibits do not stop there. Some of the exhibits are formatted so poorly that entire lines of potentially relevant text are cut-off and unreadable. *E.g.*, ECF 62-1 at 7, 13 (bottom of pages); ECF 62-2 at 3-13 (bottom of all pages); ECF 62-8 (text so small difficult to read). Perhaps Defendants would have caught these issues if they had realized someone had to offer a sworn statement that the exhibits were accurate representations of the underlying materials.

Tampa, Florida 33602
Tel.: (813) 223-5505

*Interim Co-Lead Counsel*

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
**AHDOOT &WOLFSON PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Tel.: (310) 474-9111

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
**BLEICHMAR FONTI &AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003

*/s/ Julian C. Diamond*
Julian C. Diamond
*jdiamond@bursor.com*
**BURSOR &FISHER PA**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel.: (646) 837-7150

*/s/ Daniel O. Herrera*
Daniel O. Herrera
*dherrera@caffertyclobes.com*
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Tel.: (312) 782-4880

*/s/ Thomas E. Loeser*
Thomas E. Loeser
*tloeser@cpmlegal.com*
**COTCHETT,PITRE &MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, Washington 98101
Tel.: (206) 970-8181

*/s/ Adam E. Polk*
Adam E. Polk
*apolk@girardsharp.com*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel.: (415) 981-4800

*/s/ Adele Daniel*
Adele Daniel
*adaniel@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Tel.: (206) 623-1900

*/s/ Jeff Ostrow*
Jeff Ostrow
*ostrow@kolawyers.com*
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200

*/s/ Sabita J. Soneji*
Sabita J. Soneji (SBN 224262)
*ssoneji@tzlegal.com*
**TYCKO &ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel.: (510) 254-6808

*/s/ Rebecca Solomon*
Rebecca Solomon
*rsolomon@tousley.com*
**TOUSLEY BRAIN STEPHENS PLLC**
1200 5th Avenue, Suite 1700
Seattle, Washington 98101
Tel.: (206) 667-0249

**Plaintiffs' Executive Committee**

*/s/ Charles E. Schaffer*
Charles E. Schaffer
*cschaffer@lfsblaw.com*
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Tina Wolfson*
TINA WOLFSON