**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION** | Master Docket No. 1:25-cv-00407<br>Hon. Jeremy C. Daniel<br>Hon. Daniel P. McLaughlin |

# AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "documents"), shall be subject to this Order concerning Confidential Information and Highly Confidential – Attorneys' Eyes Only Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information and Highly Confidential AEO Information.**

(a) As used in this Order, "**Confidential Information**" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) research, technical, commercial, or sensitive business or financial information that the party has a good faith belief is confidential; (iii) medical information

concerning any individual; (iv) personal identity information (including but not limited to payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, mobile advertising identifiers, device identifiers, user IDs, account identifiers, or foreign government equivalents of any such numbers or identifiers); (v) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (vi) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

(b) As used in this Order, **"Highly Confidential – Attorneys' Eyes Only Information" or "AEO Information"** means Confidential Information that the producing party reasonably and in good faith believes contains highly sensitive, nonpublic information for which disclosure to a party, party employee, putative class member, or other unauthorized person would create a substantial risk of serious competitive, privacy, security, or other harm that could not be avoided by a less restrictive designation. Examples of material that may qualify for AEO treatment include: (i) proprietary source code, object code, SDK code, APIs, technical documentation, build files, configuration files, and developer documentation; (ii) proprietary algorithms, model logic, model weights, feature sets, scoring, pricing, underwriting, claims, fraud, or risk models, and nonpublic validation or performance analyses; (iii) telematics data schemas, data dictionaries, raw or trip-level geolocation, trip, accelerometer, gyroscope, magnetometer, phone-usage, or sensor data; (iv) mobile advertising identifiers, device identifiers, user IDs, account identifiers, and other persistent identifiers, particularly when produced in bulk or linked to trip-level or location data; and (v) nonpublic security architecture, access-control information, vulnerability information,

penetration-test results, incident-response procedures, authentication or authorization designs, encryption or key-management details, network diagrams, and other information that could reasonably be used to compromise systems, data, or privacy.

The parties shall narrowly construe the categories of information that may be designated as AEO Information and shall use the AEO designation only for material that satisfies the standard set forth in this paragraph. The fact that information falls within one of the examples listed above does not, by itself, justify AEO treatment absent a good-faith determination that disclosure under the less restrictive Confidential Information designation would create a substantial risk of serious competitive, privacy, security, or other harm.

(c) As used in this Order, "**Designated Material**" refers to Confidential Information and AEO Information.

3. **Designation.**

(a) A party may designate a document as Confidential Information or AEO Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, descriptions, or data exports that contain or reveal Designated Material. The applicable marking shall be applied prior to or at the time the documents are produced or disclosed.

(i) For digital files being produced, the producing party may mark each viewable page or image with the appropriate designation and mark the medium, container, load file, metadata field, and/or

communication in which the digital files were contained. If original documents, source code, databases, or other materials are produced for inspection, such materials shall be presumed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" during the inspection unless the producing party identifies them as AEO Information before or during the inspection, and shall be re-designated as appropriate during the copying or production process.

(ii) Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designator information indicating whether the file contains "CONFIDENTIAL" or "AEO" material, by using a confidentiality metadata field, by identifying the designation in a production cover letter, or by any other reasonable method for so designating Designated Material produced in electronic format.

(b) **Third Parties.** Third parties producing documents in the course of this action may also designate documents as Confidential Information or AEO Information subject to the same protections, obligations, and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by any subpoenaed third parties shall be treated as Confidential for a period of fourteen (14) business days from the date of their receipt, and during that period any party or the third party may designate such documents as Confidential Information or AEO Information pursuant to the terms of this Protective Order.

(c) Applying the marking “CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER” or “HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY” to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with either designation shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Designated Material are not required to be marked.

(d) The designation of a document as Confidential Information or AEO Information is a certification by an attorney or a party appearing *pro se* that the document contains Designated Material as defined in this Order.[1]

4. **Depositions.**

(a) Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information, but not AEO Information, until the expiration of the following period: No later than the twenty-first day after the final transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or AEO Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents as Confidential Information or AEO Information pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

If testimony concerning AEO Information is elicited or expected to be elicited, counsel may request that persons not authorized to receive AEO Information under this Order leave the deposition room or remote deposition session for that portion of the testimony. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or AEO Information, unless otherwise ordered by the Court, but shall not otherwise waive any designations as to documents including Designated Material used or discussed in the course of that testimony.

(b) Any Designated Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Designated Material designated in accordance with this paragraph, and such use shall not in any way affect the Designated Material's designation. In such cases the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.

(c) In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential Information or AEO Information.

(d) Any challenges to a confidentiality or AEO designation shall be resolved in accordance with Section 9, below.

5. **Protection of Designated Material.**

(a) **General Protections.** Designated Material shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in this Section for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified. AEO Information shall not be disclosed to any party, party employee, named plaintiff, putative class member, or in-house counsel except as expressly provided in subparagraph 5(c), by written consent of the producing party, or by order of the Court.

(b) **Disclosure of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)–(xi). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(ii) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii) **The Court and its personnel**;

(iv) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(v) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(vii) **Witnesses at Depositions.** During their depositions, and in preparation therefor, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

(ix) **Mock jurors.** Mock jurors who have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(x) **Mediators.** Any mediator, arbitrator, or other dispute-resolution neutral who is assigned to hear this matter, and his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(xi) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Disclosure of AEO Information.** Unless otherwise agreed in writing by the producing party or ordered by the Court, AEO Information may be disclosed only to:

(i) **Outside Counsel.** Outside counsel of record in this action and employees of such outside counsel who have responsibility for this action;

(ii) T**he Court and its personnel**;

(iii) **Court Reporters and Recorders.** Court reporters, videographers, and recorders engaged for depositions or hearings;

(iv) **Contractors.** Those persons specifically engaged by outside counsel for the limited purpose of copying, imaging, hosting, organizing, processing, reviewing, or producing documents or electronically stored information in this action;

(v) **Consultants and Experts.** Consultants, investigators, or experts retained by outside counsel to assist in the preparation or trial of this action, but only after such persons have completed Attachment A and only if they are not current officers, directors, employees, consultants, or agents of any party or of any direct competitor of the producing party and will not use the AEO Information for any business, competitive, product-development, underwriting, pricing, claims, fraud, risk-modeling, security, or other purpose outside this litigation;

(vi) **Author or recipient.** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(vii) **Mediators.** Any mediator, arbitrator, or other dispute-resolution neutral who is assigned to hear this matter, and his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(viii) **Named Plaintiffs.** The Named Plaintiff(s) but only to the extent (i) the material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" expressly names or references that Plaintiff or that Plaintiff's information or data, and (ii) the Plaintiff views only his or her information or data, and not information or data concerning any other individual. To the extent material

designated “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” does not expressly name or reference the Named Plaintiff, then the designated material may be discussed with the Named Plaintiff but not shown to the Named Plaintiff;

(ix) **Others by Consent.** Any other person only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(x) In addition, a party may disclose arguments and materials derived (but not directly quoted or excerpted) from Designated Material designated as “HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY” to mock jurors who have agreed to be bound by the provisions of the Confidentiality Order by signing a copy of Attachment A.

(d) **Additional Safeguards for AEO Technical and Data Materials.** A receiving party shall store AEO Information using reasonable administrative, technical, and physical safeguards, including access limited to persons authorized under this Order, encryption of electronic data in transit and at rest where reasonably available, and multifactor authentication for litigation-review platforms where reasonably available. AEO Information shall not be stored on personal devices or consumer file-sharing services except as reasonably necessary for this litigation and subject to safeguards at least as protective as those used for the receiving party’s own confidential information.

(e) **Restrictions on the Use of Artificial Intelligence.** The parties agree that a receiving party may use artificial intelligence software and services (together, an “AI Model”) to

aid in the processing, review, and analysis of Designated Material in this litigation, provided however that any such AI Model must protect the confidentiality of the information as required by this Confidentiality Order. The parties expressly agree that no receiving party will submit any Designated Material received pursuant to this Confidentiality Order to an AI Model that is open or available to the public, including ChatGPT and similar tools. The parties further expressly agree that no receiving party will submit any Designated Material received pursuant to this Confidentiality Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not retain, learn from, be trained on, or otherwise incorporate the Designated Material for any purpose other than the prosecution or defense of this litigation. The parties further agree that a receiving party may not co-mingle any Designated Material with materials from any other litigation or matter. Before a receiving party submits Designated Material received pursuant to this Confidentiality Order to an AI Model in compliance with this paragraph, the receiving party shall make certain that such Designated Material will not be accessible to unauthorized persons and that the material can be deleted from the AI Model in accordance with paragraph 14(b) of this Confidentiality Order. For the avoidance of doubt, these restrictions apply to the categories of persons set forth in Sections 5(b) and 5(c).

(f) **Source Code.** Source code, executable code, model artifacts, and data schemas designated as AEO Information shall be inspected, produced, or hosted in a reasonably secure manner agreed by the parties or ordered by the Court.

(g) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Designated Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(h) **Inadvertent Disclosure Not Authorized by Order.** In the event of a disclosure of any Designated Material to any person not authorized to receive it under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party or non-party whose Designated Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for the inadvertent disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed Designated Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Any inadvertent or unauthorized disclosure shall not, by itself, waive any confidentiality or AEO designation.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or AEO Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or AEO Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Designated Material, even where the failure to so designate was inadvertent and where the material is subsequently designated as Designated Material.

7. **Filing of Designated Material.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential

Information or AEO Information in connection with a motion, brief, or other submission to the Court must comply with L.R. 26.2.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information or AEO Information.** The designation of any material or document as Confidential Information or AEO Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information or AEO Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must identify the challenged material, explain the basis for its belief that the designation was not proper, and give the designating party an opportunity to review the designated material, reconsider the designation, and, if no change in designation is offered, explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the challenging party shall seek relief from the Court in accordance with Local Rule 37.2, Local Rule 5.3, Judge Daniel's case procedures, and any other applicable order or referral in this action within

21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any such request for relief must include or be accompanied by a certification or declaration, as required by the applicable rules or procedures, that the movant has complied with the meet and confer requirements of this procedure. Failure by the challenging party to seek such relief within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality challenge for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or AEO Information, as designated, under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or AEO Information shall be made in accordance with the applicable Local Rules, Judge Daniel's case procedures, and any other applicable order or referral in this action. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Designated Material at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Designated Material at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial

memorandum without disclosing the Designated Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Designated Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or AEO Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Designated Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Designated Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Designated Material produced or designated by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Designated Material and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. The receiving party also shall destroy documents containing Designated Material and certify the fact of destruction, but shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Designated Material, or Designated Material contained in deposition transcripts or drafts or final expert reports.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to Designated Material so long as that work product does not duplicate verbatim substantial portions of Designated Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any

retained Designated Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Designated Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information or AEO Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **No Privilege Waiver.** Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by an applicable privilege or work product protection.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Robert A. Clifford*
Robert A. Clifford
*rac@cliffordlaw.com*
**CLIFFORD LAW OFFICES, P.C.**
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
Tel.: (312) 899-9090

*Liaison Counsel*

*/s/ Gary M. Klinger*
Gary M. Klinger
*gklinger@milberg.com*
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel.: (866) 252-0878

*/s/ John A. Yanchunis*
John A. Yanchunis
*jyanchunis@forthepeople.com*
**MORGAN & MORGAN COMPLEXLITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505

*Interim Co-Lead Counsel*

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Tel.: (310) 474-9111

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 946107
Tel.: (341) 217-0550

*/s/ Sabita J. Soneji*
Sabita J. Soneji
*ssoneji@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel.: (510) 254-6808

*/s/ Daniel O. Herrera*
Daniel O. Herrera
*dherrera@caffertyclobes.com*
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Tel.: (312) 782-4880

*/s/ Julian C. Diamond*
Julian C. Diamond
*jdiamond@bursor.com*

*/s/ Rebecca Solomon*
Rebecca Solomon

**BURSOR &FISHER PA**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel.: (646) 837-7150

*rsolomon@tousley.com*
**TOUSLEY BRAIN STEPHENS PLLC**
1200 5th Avenue, Suite 1700
Seattle, Washington 98101
Tel.: (206) 667-0249

*/s/ Thomas E. Loeser*
Thomas E. Loeser
*tloeser@cpmlegal.com*
**COTCHETT,PITRE &MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, Washington 98101
Tel.: (206) 970-8181

*/s/ Adam E. Polk*
Adam E. Polk
*apolk@girardsharp.com*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel.: (415) 981-4800

*/s/ Adele Daniel*
Adele Daniel
*adaniel@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Tel.: (206) 623-1900

*/s/ Jeff Ostrow*
Jeff Ostrow
*ostrow@kolawyers.com*
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200

*/s/ Charles E. Schaffer*
Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
*cschaffer@lfsblaw.com*

*Plaintiffs' Executive Committee*

*/s/ David A. Gordon*
David A. Gordon
Lawrence P. Fogel
Liamarie M. Quinde
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgordon@sidley.com

Ian M. Ross
**SIDLEY AUSTIN LLP**
830 Brickell Plaza

Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

*Counsel for Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 8/5/2026

________________________
Hon. Jeremy C. Daniel
United States District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION** | Master Docket No. 1:25-cv-00407<br><br>Hon. Jeremy C. Daniel<br><br>Hon. Daniel P. McLaughlin |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: ______________________________________________

Job Title: ______________________________________________

Employer: ______________________________________________

Business Address: ________________________________________

________________________________________

________________________________________

Date: _________________________ Signature: ____________________________