**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ALLSTATE & ARITY CONSUMER PRIVACY LITIGATION** | Master Docket No. 1:25-cv-00407<br>Hon. Jeremy C. Daniel<br>Hon. Daniel P. McLaughlin |

**STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

The Parties, by and through their respective counsel, have jointly stipulated to the terms of Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

A. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules, as well as testimony adduced at trial or during any hearing (collectively, "Information").

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

A. Pursuant to Fed. R. Evid. 502(d), the production of any Information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege or protection applicable to that Information, including the attorney-client

privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d), and shall be enforceable in any other federal or state proceeding. The provisions of Fed. R. Evid. 502(b) do not apply.

## III. CLAWBACK PROCEDURE

A. **Assertion of a Clawback**. Any party or non-party may request the return of any Information on the grounds of privilege or work product protection by identifying it, stating the basis for withholding such material or information from production, and providing any other information that would be listed on a supplemental privilege log.

B. If a party attempts to clawback a document authored or received by an individual who is scheduled for a deposition within thirty (30) days of the date of the attempted clawback, and the propriety of the clawback is not resolved pursuant to Paragraph III.C below prior to the date of the deposition, then the parties will meet and confer on the appropriate course of action, which may, but need not necessarily, include:

1. rescheduling the deposition until the issue is resolved by the Court;

2. conferring prior to the deposition to determine if the document may be used in the deposition subject to agreed-upon limitations;

3. calling the Court if the clawback is made during the deposition to determine if immediate resolution is possible; and/or;

4. allowing the party resisting the clawback to recall the deponent for the sole and exclusive purpose of questioning the deponent on the document at issue if the Court subsequently determines the clawback was improper (if exercised, recalling the deponent for this purpose, questions about the document will not count against the total number of depositions or deposition hours to which the party resisting the clawback is entitled).

C. **Clawback Process**. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the ground of privilege or work product. If a Party or Non-Party requests the return of such produced material or information then in the custody of one or more Parties, the processing Parties shall within seven (7) business days:

1. Destroy or return to the requesting party or non-party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

2. Notify the producing party or non-party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the Court. A party challenging a clawback request under this Paragraph may use the content of the clawed-back document for the sole purpose of filing a motion with the Court under seal, that challenges whether or not the document is privileged or work product.

D. **Implementation of a Clawback**. Where a party agrees to or is ordered to destroy a clawed-back document, the party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed-back document. To the extent that it is not technologically feasible for a receiving party to destroy a clawed-back document (for example, if the clawed-back document is part of a production provided on read-only production media such that the clawed-back document cannot be destroyed without destroying the entire production media), the parties will meet and confer as to an acceptable alternative approach.

## IV. PRIVILEGE LOGGING

A. Pursuant to Fed. R. Civ. P. 26, the parties shall exchange privilege logs for documents withheld in full in an active sortable, searchable Excel file that describe the nature of the documents, communications, or tangible things that are not produced or disclosed and do so in a manner that—without revealing the information itself that is asserted to be privileged or protected—will enable other parties to assess the claim.

1. Documents produced with redactions for attorney-client privilege, work-product protection, or any other applicable privilege or protection need not be separately identified on a privilege log, provided that the basis for each redaction is identified on the face of the document or otherwise in a manner reasonably sufficient to permit the Receiving Party to assess the asserted basis for the redaction. To the extent the Receiving Party has questions about the adequacy of the information provided to assess any privilege or protection claim over redacted material, the Parties shall meet and confer in good faith regarding what additional non-privileged information can be provided to substantiate the Producing Party's claim of privilege or protection. Nothing in this paragraph limits the Receiving Party's right to challenge any redaction or assertion of privilege or protection.

B. A producing party will produce a separate privilege log for each production within 30 days after the production of documents for which a privilege is asserted. The privilege log shall set forth the privilege relied upon and specify separately for each document:

1. For each entry, a specific numeric identifier sufficient to allow the parties to identify the entry (e.g., "1," "2," etc.);

1. The date of the document;

2. The title and description of the document, including any file name or subject metadata;

3. The identity of all persons who authored the document and identification of which of them are attorneys;

4. The identity of all persons designated as addressees, copyees, or blind copyees (indicating whether a person was an addressee, copyee, or blind copyee), including any attorneys;

5. The custodian(s) of the document;

6. The type or nature of the privilege or immunity asserted; and

7. A brief description of the subject matter of the document, sufficient to enable another party's evaluation of the claim of privilege or immunity.

C. Items 2–7 above shall be disclosed in their unedited form as they appear in extracted document metadata.

D. Each producing party shall produce along with any privilege log a list in a spreadsheet identifying the title and/or position of (a) any attorney named in the privilege log including information about whether they are internal or external counsel, and (b) each employee of the producing party, and his or her corresponding title(s), who is identified in the privilege log.

E. An email thread for which a party claims a privilege may be logged in a single entry, except that any unique branches of the email chain must also be included on the privilege log. If an embedded e-mail communication is not otherwise available, then it must separately be identified and logged.

F. For any listserv included on communications withheld as privileged, the Producing Party shall identify, to the extent reasonably practicable, the individuals included in that listserv, including whether its membership included third parties.

G. The following documents presumptively need not be included on a privilege log:

1. Written or oral communications occurring between a party and its counsel, whether external or in-house, following commencement of this action on January 14, 2025, and which concern the performance of duties specifically related to the litigation of this action; or

2. Work product created by outside counsel, or by an agent of outside counsel other than a party, after commencement of this action on January 14, 2025.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Robert A. Clifford*
Robert A. Clifford
*rac@cliffordlaw.com*
**CLIFFORD LAW OFFICES, P.C.**
120 North LaSalle Street, 36th Floor
Chicago, Illinois 60602
Tel.: (312) 899-9090

*Liaison Counsel*

*/s/ Gary M. Klinger*
Gary M. Klinger
*gklinger@milberg.com*
**MILBERG PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel.: (866) 252-0878

*/s/ John A. Yanchunis*
John A. Yanchunis
*jyanchunis@forthepeople.com*
**MORGAN & MORGAN**
**COMPLEXLITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505

*Interim Co-Lead Counsel*

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Tel.: (310) 474-9111

*/s/ Sabita J. Soneji*
Sabita J. Soneji
*ssoneji@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel.: (510) 254-6808

*/s/ Julian C. Diamond*
Julian C. Diamond
*jdiamond@bursor.com*
**BURSOR &FISHER PA**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel.: (646) 837-7150

*/s/ Thomas E. Loeser*
Thomas E. Loeser
*tloeser@cpmlegal.com*
**COTCHETT,PITRE &MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, Washington 98101
Tel.: (206) 970-8181

*/s/ Adele Daniel*
Adele Daniel
*adaniel@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Tel.: (206) 623-1900

*/s/ Charles E. Schaffer*
Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

*/s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 946107
Tel.: (341) 217-0550

*/s/ Daniel O. Herrera*
Daniel O. Herrera
*dherrera@caffertyclobes.com*
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Tel.: (312) 782-4880

*/s/ Rebecca Solomon*
Rebecca Solomon
*rsolomon@tousley.com*
**TOUSLEY BRAIN STEPHENS PLLC**
1200 5th Avenue, Suite 1700
Seattle, Washington 98101
Tel.: (206) 667-0249

*/s/ Adam E. Polk*
Adam E. Polk
*apolk@girardsharp.com*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel.: (415) 981-4800

*/s/ Jeff Ostrow*
Jeff Ostrow
*ostrow@kolawyers.com*
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200

*cschaffer@lfsblaw.com*

*Plaintiffs' Executive Committee*

*/s/ David A. Gordon*
David A. Gordon
Lawrence P. Fogel
Liamarie M. Quinde
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgordon@sidley.com

Ian M. Ross
**SIDLEY AUSTIN LLP**
830 Brickell Plaza
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

*Counsel for Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 8/5/2026

Hon. Jeremy C. Daniel
United States District Judge